UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY LEE YOUNG, #273693,

       Plaintiff,

                            CASE NO. 05-CV-70922-DT
v.                            HONORABLE BERNARD A. FRIEDMAN

RICHARD D. KUHN,

       Defendant.
_____/

## ORDER DENYING RULE 60(b) MOTION

The Court has before it Plaintiff Henry Lee Young's "Motion Complaint for a Federal Rule of Civil Procedure 60(B) Motion to Set Aside the Court's Order Due to Fraud and the Appearance of Extortion of Finance from this Plaintiff Via the Defendant and Others Acting in Concert" concerning the Court's dismissal of his *pro se* civil rights complaint, filed pursuant to 42 U.S.C. § 1983, for failure to state a claim upon which relief may be granted.

Plaintiff complains that he was not timely notified of the Court's dismissal of his complaint and objects to the fact that he was required to pay the $250.00 filing fee. Even assuming that Plaintiff was not timely served with a copy of the Court's dismissal order, he has not shown that he is entitled to reconsideration of the Court's order dismissing his complaint. Plaintiff has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(g)(3).

Further, even if the Court considers Plaintiff's motion under Federal Rule of Civil

1

Procedure 60(b), he is not entitled to relief. Under that rule, a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). Plaintiff has made no such showing. His complaint was properly dismissed pursuant to *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (a state prisoner does not state a cognizable civil rights claim challenging his conviction or imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254), and *Hill v. United States*, 368 U.S. 424, 428 (1962) (there is no federal constitutional right to allocute).

Lastly, the Court did not err in assessing the $250.00 filing fee in this case. Under the Prison Litigation Reform Act ("PLRA"), a prisoner who qualifies to proceed *in forma pauperis* in a civil rights action is still liable for the civil action filing fee and must pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The PLRA does not allow any exemptions to the requirement that an indigent prisoner pay the filing fee over time. *See White v.*

*Paskiewicz*, 89 Fed. Appx. 582, 584 (6th Cir. 2004) (citing *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1133-34 (6th Cir.1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997)).  Plaintiff is thus liable for the full filing fee, paid in installments, even though he has been granted *in forma pauperis* status and his complaint has been dismissed.

Accordingly, for the reasons stated, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**


　　　　　　　　　　　　　　　　　　　__s/Bernard A. Friedman_____
　　　　　　　　　　　　　　　　　　　BERNARD A. FRIEDMAN
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

DATED:  October 18, 2006